UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS REYNOLDS,

                                    Petitioner,

v.                                                                         9:16-CV-1264
                                                                           (TJM/TWD)

WARDEN OF FCI RAYBROOK,

                                  Respondent.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF BERNARD            BERNARD V. KLEINMAN, ESQ.
  V. KLEINMAN, PLLC
Attorney for Petitioner
108 Village Square, Suite 313
Somers, New York 10589-2305

GRANT C. JAQUITH                        WILLIAM F. LARKIN, ESQ.
United States Attorney                       Assistant United States Attorney
Northern District of New York
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

Currently before the Court for a Report-Recommendation is Thomas Reynolds' ("Reynolds") amended petition for a writ of habeas corpus, under 28 U.S.C. § 2241 (hereinafter "Section 2241"). (Dkt. No. 16.) Reynolds claims that he is entitled to a thirty-three-month credit on his forty-two-year federal prison sentence under 18 U.S.C. § 3585 (hereinafter "Section 3585") and the United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(b) (hereinafter

"Section 5G1.3(b)"). As discussed below, the undersigned recommends that the District Court deny Reynolds' amended petition.

I.   BACKGROUND

On January 7, 2004, the Honorable Edward R. Korman, U.S. District Judge in the Eastern District of New York, re-sentenced Reynolds who had pled guilty to racketeering conspiracy (18 U.S.C. § 1962) and bank larceny (18 U.S.C. § 2113) in *United States v. Reynolds*, Nos. 99-520, 00-824 (E.D.N.Y.).[1] (Dkt. Nos. 16-12; 24-2 at 20.) Reynolds was sentenced pursuant to a plea agreement under Fed. R. Crim. P. 11(c), that contemplated a sentence range between thirty-six and forty-two years. (Dkt. No. 24-2 at 4); *see also United States v. Reynolds*, No. 99-CR-520 (E.D.N.Y.), Dkt. No. 692.) Ultimately, Reynolds received a forty-two-year prison sentence.

On October 7, 2016, Reynolds' prior counsel, Bernard V. Klienman, requested that the Court extend his Criminal Justice Act appointment to address a potential basis for a habeas corpus petition and to grant him permission to visit Reynolds. (Dkt. No. 1-1 at 2.) According to Mr. Klienman, Judge Korman and the United States Probation Office failed to address whether Reynolds merited credit under Section 5G1.3(b) and Section 3585(b) for nine months—between June 1999 and February 2000—he spent in federal custody while serving a state sentence. (Dkt. No. 1-1 at 1-2.) Judge Korman treated the October 7, 2016, letter as a petition for a writ of habeas corpus under Section 2241, and ordered the case transferred to this court because Reynolds is incarcerated in the Northern District of New York at F.C.I. Ray Brook in Ray Brook, New York. (Dkt. No. 2.)

---

[1] Reynolds filed a petition under 28 U.S.C. § 2255 to vacate his original guilty plea and sentence. (Dkt. No. 16-10.) Judge Korman granted the petition on July 25, 2003, and vacated Reynolds' original guilty plea and sentence. (*Id*.; *see also Reynolds v. United States of America*, No. 1:02-cv-01622-ERK (E.D.N.Y.), Dkt. Nos. 1, 15.)

2

Thereafter, on November 28, 2016, Reynolds filed an amended petition for a writ of habeas corpus under Section 2241. (Dkt. No. 16.) In his amended petition, Reynolds claims that he is entitled to a thirty-three-month credit on his federal prison sentence under Section 3585(b) and Section 5G1.3(b) because he was incarcerated on a state charge that was related to his ultimate federal sentence. (*Id*.) Respondent filed a response challenging whether: (1) this Court is the proper venue to hear Reynolds' petition, (2) Reynolds exhausted his administrative remedies; and (3) Section 5G1.3(b) can provide relief where Reynolds was sentenced under a Fed. R. Crim. P. 11(c) plea agreement. (Dkt. No. 24.) Reynolds replied (Dkt. No. 28) and the parties each submitted supplementary letters describing their positions (Dkt. Nos. 29, 31, 33).

## II.    PROCEDURAL ISSUES

As stated above, Respondent raised two procedural issues that must be addressed before considering the amended petition's merits. The first is whether Reynolds' amended petition is, in substance, a motion under 28 U.S.C. § 2255 (hereinafter "Section 2255"). If so, Reynolds' amended petition belongs in "the court [that] imposed the sentence," 28 U.S.C. § 2255(a), *i.e.*, with Judge Korman in the Eastern District of New York. The second issue is whether—regardless of its form—the Court should dismiss Reynolds' amended petition because he failed to exhaust his administrative remedies.

### A.    The Nature of Reynolds' Petition

A challenge to the *imposition* of a sentence is properly brought as a petition pursuant to Section 2255, while a challenge to the *execution* of a sentence is properly brought as a habeas corpus petition pursuant to Section 2241. *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006); *Poindexter v. Nash*, 333 F.3d 372, 377-78 (2d Cir. 2003). Given that each legal vehicle prescribes a different remedy, each statute dictates a specific venue to commence each challenge.

3

To wit, a petition pursuant to Section 2255 must be filed in the district court "which imposed the sentence" being challenged, 28 U.S.C. § 2255(a), and a petition pursuant to Section 2241 must be filed in the district court embracing the location where the prisoner is currently in custody, 28 U.S.C. § 2241(d).

Here, a fair reading of the amended petition reveals it is properly in this Court as a petition for habeas corpus relief under Section 2241.  Though Respondent attempts to classify the amended petition as seeking relief pursuant to Section 5G1.3(b) in the form of a downward departure in Reynolds' sentence, that is not the basis for which Reynolds seeks relief.  (Dkt. No. 24 at 4-6.)  Rather, Reynolds discusses Section 5G1.3(b) by analogy and not to literally seek that this Court re-sentence him.  (Dkt. No. 28 at 6 (stating that Section 5G1.3(b) is the "'functional equivalent' of Section 3585(b)" (quoting *Lopez v. Terrell*, 634 F.3d 136, 178 (2d Cir. 2011)).)  Functionally, Reynolds seeks an Order from this Court instructing the Bureau of Prisons ("BOP") to credit time he served in state custody against his federal sentence pursuant to Section 3585(b).[2]  (*Id*. at 6-7.)

As such, Reynolds' petition challenges the execution of his sentence, *i.e.*, the BOP's calculation of the credit to be given for other periods of detention, not its imposition.  *See Simmons v. Fed., Prison Employees, of the Fed. Bureau of Prisons*, 639 F. Supp. 2d 402, 405

---

[2]  To the extent that Reynolds is arguing for relief under Section 5G1.3(b), this issue is more appropriately resolved by the sentencing court pursuant to a motion under Section 2255 rather than this court pursuant to a petition under Section 2241.  *See Dixon v. Terrell*, No. 10-CV-5262, 2011 WL 4543712, at *11 (E.D.N.Y. Sept. 29, 2011); *Jackson v. Killian*, No. 08–CV–4386, 2009 WL 1835004, at *3 (S.D.N.Y. June 23, 2004) ("Challenging the sentencing court's section 5G1.3 calculation is 'more appropriately brought as an issue for the sentencing court pursuant to a motion under section 2255, rather than the district court in a section 2241 habeas petition where petitioner is held in custody.'" (quoting *Saunders v. Unnamed Warden*, No. 07–CV–4293, 2008 WL 2775763, at *7 (D.N.J. July 14, 2008) (denying habeas petition pursuant to Section 2241 where petitioner argued that he was entitled to a downward departure or sentence reduction under Section 5G1.3))).

(S.D.N.Y. 2009) (stating that "[c]redit time under 18 U.S.C. § 3585 'is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing'" (quoting *United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995)); *see also Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (noting that "[a] challenge to the execution of a sentence, … is properly filed pursuant to Section 2241"); *United States v. Werber*, 51 F.3d 342, 349 n.17 (2d Cir. 1995) (stating that a challenge to the BOP's application of 18 U.S.C. § 3585 should be filed pursuant to Section 2241 petition). Accordingly, the Court finds that Reynolds' amended petition was brought under Section 2241 and is properly venued in the Northern District of New York.

### B.     Exhaustion of Remedies

The Second Circuit has established an administrative exhaustion requirement on habeas corpus petitions inmates bring under Section 2241. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976); *Washington v. United States,* No. 05-cr-558, 2016 WL 11448326, at *1 (E.D.N.Y. Dec. 23, 2016) (petitioner claiming sentence improperly calculated by the BOP must exhaust administrative remedies under the Administrative Remedy Program ("ARP"), 28 C.F.R. § 542.10-542.16, before bringing a habeas petition under Section 2241). Specifically, federal inmates must exhaust each of the following steps in the ARP before obtaining relief in federal court: (1) attempting to resolve the issue informally, *see* 28 C.F.R. § 542.13; (2) submitting a formal written Administrative Remedy Request to the warden of the facility in which the inmate is confined, *see id.* § 542.14(3); (3) appealing to the BOP Regional Director, *see id.* § 542.15; and (4) appealing to the BOP Office of General Counsel, *see id.* No administrative appeal is fully exhausted until the BOP's Central Office reviews it. *See Spring v.*

5

*Shult*, No. 9:08-CV-0531, 2009 WL 3232183, at *1 (N.D.N.Y. Oct. 1, 2009).  The burden of demonstrating exhaustion rests with the Section 2241 petitioner.  *Id*.

The main dispute relative to exhaustion in this case involves the timing for when Reynolds filed his amended petition.  As recounted above, this action was commenced by letter dated October 7, 2016 (Dkt. No. 1), and Reynolds filed his amended petition on November 28, 2016.  (Dkt. No. 16.)  Respondent accurately notes Reynolds had not yet completely exhausted his administrative remedies prior to filing his amended petition.  (Dkt. No. 24 at 6-8.)  However, as Respondent also acknowledges, Reynolds did exhaust his administrative remedies at the latest on April 24, 2017, when the BOP's Central Office formally denied his appeal.  (Dkt. No. 33.)  Thus, the precise issue is not whether Reynolds exhausted his remedies, but rather whether Reynolds' petition—which was filed *before* the BOP issued its final decision—should be dismissed for being filed *early*.

In support of its position, Respondent points to several cases where courts have stated that a party must exhaust remedies *before* the commencement of the action.  (Dkt. No. 24 at 7 (citing cases); Dkt. No. 29.)  None of these cases, however, consider whether the court must dismiss a petition where petitioner exhausted his administrative remedies during the pendency of the Court's review.  As stated above, Reynolds exhausted his remedies as of April 24, 2017, at the latest, and the BOP denied his application for relief.  (Dkt. No 33.)  Thus, the issues in Reynolds' petition are not moot, are fully briefed, and are now ripe for review.

In *Uziel v. Hadden*, 779 F.2d 4 (2d Cir. 1985) (per curiam), the Second Circuit held that a district court should have allowed the petitioner's pending administrative remedies to conclude rather than dismissing the petition for failure to exhaust.  *Id*. at 5.  In *Uziel*, the petitioner filed his petition on May 31, 1984, and the parole office re-opened the challenged decision on July 26,

6

1984.  *See id*. at 4-5.  The district court dismissed the petition because the re-opening of the challenged decision created new administrative avenues to challenge the parole office's subsequent decision.  *Id*. at 5.  The Second Circuit reversed, holding that the district court "should rather have held the petition in abeyance pending an exhaustion of these new administrative remedies, at which time the court presumably would address the merits of the petition or any amended petition that might be filed." *Id*. (citation omitted).  Here, through the passage of time, Reynolds' administrative remedies have been fully exhausted such that it is now appropriate to consider the amended petition's merits.  Forcing Reynolds to re-file his petition would only cause unnecessary delay and waste judicial resources.[3]

Accordingly, the Court finds that dismissing Reynolds' petition on the ground that he failed to exhaust his administrative remedies is not warranted.

## III.   REYNOLDS' AMENDED PETITION

Turning to Reynolds' amended petition, the principle issue is whether the BOP appropriately applied Section 3585 when it denied Reynolds' request to credit time he spent in state custody to his federal sentence.  A straightforward application of Section 3585(b) confirms that the BOP correctly denied Reynolds' application.  Accordingly, for the reasons discussed below, the Court recommends that the amended petition be dismissed.

18 U.S.C. § 3585, titled, "Calculation of a term of imprisonment," provides in full:

>   (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in

---

[3] Moreover, this action was originally commenced *sua sponte* through the Court's conversion of a letter request filed in the Eastern District of New York under the original criminal case (99-CR-520 at Dkt. No. 757) to a petition pursuant to 28 U.S.C. § 2241.  (Dkt. No. 2.)  After that conversion, this Court set a deadline requiring Reynolds to file an amended petition before he could have exhausted his remedies.  (Dkt. Nos. 5, 13.)  Thus, Reynolds' counsel was left with the difficult decision of complying with the Court's order or seeking a delay in the proceedings until the BOP issued a final decision.

custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

*Id*.

Under Section 3585(b), therefore, the BOP will grant a defendant "credit" against his or her federal sentence for time served in custody prior to sentencing in district court so long as that presentence custody "has not been credited against another sentence." 18 U.S.C. § 3585(b); *see United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

According to Reynolds, he deserves credit for the following periods of time he spent in custody on his state sentence:

| April 7, 1995 – February 1996 | 7 months |
| March 17, 1996 – August 7, 1997 | 15 months |
| December 1997 – January 4, 1999 | 3 months |
| June 1, 1999 – June 10, 1999 | 10 days |
| June 10, 1999 – February 11, 2000 | 8 months |

(Dkt. No. 16-1 at 18.) These thirty-three-months for which Reynolds seeks credit were spent in custody because of an arrest in 1994 related to a weapons charge and subsequent parole violations. (*Id*. at 17.) According to Reynolds, the time he spent in state custody on the 1994

8

weapons charge was for conduct that was "relevant conduct," as that term is defined in Section 5G1.3(b). (*Id.*)

Section 5G1.3(b) applies where a "defendant faces punishment for the same criminal conduct in two prosecutions[,] ... [and] ensures that the defendant receives 'credit' for time already served to eliminate double punishment." *United States v. Fermin*, 252 F.3d 102, 109 (2d Cir. 2001) (citing *Witte v. United States*, 515 U.S. 389, 404–05 (1995)). Reynolds asserts Section 3585(b) and Section 5G1.3(b) are "functional equivalents" and that Section 3585 and Section 5G1.3(b) operate together so that a person does not face separate terms of imprisonment for the same conduct. (Dkt. No. 28 at 5 (citation omitted).)

As Reynolds points out, Section 5G1.3(b) and Section 3585 often complement one another. *See United States v. Gonzalez*, 192 F.3d 350, 354 (2d Cir. 1999) (holding that because the defendant's presentence custody was credited to his state sentence, no Section 3585(b) credit was available; thus, U.S.S.G. § 5G1.3(b) applied). For example, in *United States v. Knight*, 562 F.3d 1314 (11th Cir. 2009), the Eleventh Circuit held that the sentencing court erred in failing to apply a downward departure for time the defendant spent in custody under Section 5G1.3(b) because the BOP would not give credit for that same time under Section 3585. *Id.* at 1329. Reynolds asserts that his case is the mirror image of *Knight*, *i.e.*, because he should be entitled to sentence credit for the thirty-three-months he was in custody on a related state charge under Section 5G1.3(b) but was not granted such credit, the Court should order the BOP to credit him for the same time under Section 3585(b). (Dkt. No. 16-1 at 22 (arguing that "[w]hile § 3585(b) grants the Bureau of Prisons ("BOP") the power to award credit for time spent in custody prior to the imposition of a sentence, Section 5G1.3(b), however, is applicable where the BOP would not otherwise award this credit. In these situations, it is necessary for the reviewing court to apply

9

the credit itself in order to prevent the defendant from serving a sentence that is longer than is appropriate under the Guidelines.").)

Reynolds has not cited any authority that has applied Section 3585(b) in the novel manner he proposes. Rather, the Court finds the interplay between Section 5G1.3(b) Section 3585 is a red herring and legally unrelated to whether the BOP properly applied Section 3585(b) in his case.

To that end, Reynolds superimposes a false equivalence between Section 5G1.3(b) and Section 3585. Section 3585, by its terms, is merely an administrative statute that ensures pre-sentence custody does not go uncounted towards a person's ultimate sentence. As stated above, Section 3585(a) provides that: "[a] sentence to a term of imprisonment *commences* on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, *the official detention facility at which the sentence is to be served.*" 18 U.S.C. § 3585(a). Thus, a defendant's sentence does not *commence* until after it has been *imposed* and the defendant is traveling to or arrives at the designated detention facility. Accordingly, if a defendant had spent time in custody prior to a court imposing his or her sentence, that time would not technically count towards that sentence pursuant to Subsection (a). *See id*. Subsection (b), however, ensures time spent in pre-sentence custody (even if on an unrelated arrest) is credited against a defendant's sentence so long as it has not been credited against another sentence. *Id*. at 3585(b). Together, Section 3585's purpose is to ensure a defendant earns credit for each day he or she is in custody against at least one sentence. Section 3585 is not equivalent to Section 5G1.3(b) which seeks to prevent double punishment for the same or related criminal act through an adjustment of the defendant's ultimate sentence.

Accordingly, the Court finds that it is irrelevant whether Reynolds' time in state custody might satisfy Section 5G1.3(b)'s requirements because this petition seeks the Court's review of the BOP's decision under Section 3585. When properly confined to the salient issue, Reynolds' petition lacks merit. To wit, Reynolds seeks credit for thirty-three-months he spent in state custody while he was admittedly serving his state sentence and receiving credit against his *state* sentence. Under Section 3585(b), a defendant may only receive credit for time in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, the Court finds Reynolds is not entitled to credit against a federal sentence for time he spent incarcerated that counted towards the term of his state sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir. 1998); *Werber v. United States*, 149 F.3d 172, 173 (2d Cir. 1998).[4]

## IV. CONCLUSION

The Court finds that the BOP correctly applied Section 3585(b) in denying Reynolds' request for credit. (Dkt. No. 33.)

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Reynolds' amended petition for a writ of habeas corpus (Dkt. No. 16) be **DENIED** and **DISMISSED** in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

---

[4] It is of no moment that Reynolds was transferred from state to federal custody by writ of habeas corpus *ad prosequendum* while he was still serving his state sentences, because he was still legally in state custody pursuant to those sentences at that time. *See, e.g., United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y.1993) ("A federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities."); *id.* at 371 ("A federal sentence does not begin to run ... when the defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligations.").

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: August 5, 2019
       Syracuse, New York

                                        Thérèse Wiley Dancks
                                        United States Magistrate Judge