**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS REYNOLDS,**

                    **Petitioner,**

          v.                                                    **9:16-CV-1264 (TJM/TWD)**

**WARDEN OF FCI RAY BROOK,**

                    **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.     INTRODUCTION**

          Currently before the Court is Thomas Reynolds'("Reynolds") amended petition for a

writ of habeas corpus under 28 U.S.C. § 2241 (hereinafter "Section 2241").  Dkt. No. 16.

Reynolds claims that he is entitled to a thirty-three-month credit on his forty-two-year federal

prison sentence under 18 U.S.C. § 3585 (hereinafter "Section 3585") and the United States

Sentencing Guidelines("U.S.S.G.") § 5G1.3(b) (hereinafter "Section 5G1.3(b)").   The matter

was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for a Report

and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  In her

August 25, 2019 Report-Recommendation ("Rep. Rec."), Magistrate Judge Dancks

recommends that Reynolds' amended petition for a writ of habeas corpus, Dkt. No. 16, be

denied and dismissed in its entirety.  Dkt. No. 41.  Reynolds, through counsel, filed timely

objections to this recommendation.  Dkt. No. 44.

1

## II.    BACKGROUND

Magistrate Judge Dancks recites the relevant background of this case. *See* Rep.

Rec., at 2-3.  Suffice it to say for purposes of addressing Reynolds' objections, Reynolds

was resentenced on January 7, 2004 by the Hon. Edward R. Korman, U.S. District Judge in

the Eastern District of New York, to a forty-two-year prison sentence pursuant to a Fed. R.

Crim. P. 11(c)(1)(C) guilty plea to racketeering conspiracy (18 U.S.C. § 1962) and bank

larceny (18 U.S.C. § 2113).[1]  In October 2016, Reynolds filed a letter before Judge Korman

which argued that Judge Korman and the United States Probation Office failed to address

whether Reynolds merited credit under Section 5G1.3(b) and Section 3585(b) for nine

months—between June 1999 and February 2000—he spent in federal custody while

serving a state sentence.  Dkt. No. 1-1 at 1-2.  Judge Korman treated the letter as a petition

for a writ of habeas corpus under Section 2241, and ordered the case transferred to this

court because Reynolds is incarcerated in the Northern District of New York at F.C.I. Ray

Brook in Ray Brook, New York.  Dkt. No. 2.  On November 28, 2016, Reynolds filed an

amended petition for a writ of habeas corpus under Section 2241.  Dkt. No. 16.  In his

amended petition, Reynolds claims that he is entitled to a thirty-three-month credit on his

federal prison sentence under Section 3585(b) and Section5G1.3(b) because he was

incarcerated on a state charge that was related to his ultimate federal sentence.  *Id.*  After

addressing two procedural issues that are not in issue here, Magistrate Judge Dancks

concluded:

---

[1]On February 23, 2001 Reynolds was sentenced to life imprisonment.  Reynolds thereafter filed a petition under 28 U.S.C. § 2255 to vacate his original guilty plea and sentence, which Judge Korman granted on July 25, 2003.

> [I]t is irrelevant whether Reynolds' time in state custody might satisfy Section 5G1.3(b)'s requirements because this petition seeks the Court's review of the [Bureau of Prisons' ("BOP")] decision under Section 3585. When properly confined to the salient issue, Reynolds' petition lacks merit. To wit, Reynolds seeks credit for thirty-three-months he spent in state custody while he was admittedly serving his state sentence and receiving credit against his *state* sentence. Under Section 3585(b), a defendant may only receive credit for time in custody "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Accordingly, the Court finds Reynolds is not entitled to credit against a federal sentence for time he spent incarcerated that counted towards the term of his state sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir.1998); *Werber v. United States*, 149 F.3d 172, 173 (2d Cir.1998).

Rep. Rec., at 11 (emphasis in original, footnote omitted).

## III.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings). When performing a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1). "However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." *Monroe v. Kocienski*, No. 9:17-CV-1050 (GTS/DEP), 2019 WL 409412, at *2 (N.D.N.Y. Feb. 1, 2019)(citing, *inter alia*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.")(internal

3

quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate")).

"Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." *Id.* (citing *Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)); *see also Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015)("[A] district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")(citing cases); *Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.")(quotations and citation omitted)). "[F]or the district judge to review new evidence or arguments would reduce the magistrate's work to something akin to

a meaningless dress rehearsal," *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31, 2018)(quotations and citation omitted), and would frustrate the congressional objective behind § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts. *Cf. U.S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("[T]o construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term '*de novo*' does not indicate that a secondary evidentiary hearing is required.")).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b).

## IV.    DISCUSSION

To the extent that Reynolds objects on the ground that the record is devoid of indication that some or all of the 33 months for which he seeks credit on his federal sentence were credited against his state sentence, *see* Dkt. No. 44, at ECF pp. 16-20, the objection is overruled.  The arguments underlying this objection could have been but were not presented to Magistrate Judge Dancks and, therefore, the Court need not consider them.  Further, the arguments are contradicted by Reynolds' assertions in this matter. *See*

Dkt. No. 16-1, at ECF pp. 1-2;[2] 17-18;[3] 17, fn. 12;[4] 20;[5] 29.[6]

To the extent Reynolds objects on the ground that Magistrate Judge Dancks' ultimate conclusion was erroneous, the objection is overruled. Upon conducting a *de novo* review, the Court adopts Magistrate Judge Dancks' recommendation for the reasons stated in her thorough report. Further, there is no basis, as Reynolds requests, to "remand the matter to the Eastern District of New York for further proceedings" under Section 2255 instead of dismissing the petition in its entirety. Dkt. No. 44, at 8, fn. 6. The matter before the Court is a petition for a writ of habeas corpus pursuant to Section 2241, not Section 2255. This Court does not have appellate jurisdiction over the decisions of its sister district courts, and therefore remand is inappropriate. Because this Court does not rule on the merits of any potential Section 2255 claim that Reynolds may have, dismissal of the Section 2241 petition

---

[2]("It is the position of the Petitioner that the lower Court erred, at the time of sentencing, in its failure to grant credit to the Petitioner for the amount of time he had spent while in the custody and care of the New York Department of Corrections and Community Supervision ("DOCCS") for a New York State conviction, as set forth below.")

[3]("On February 11th, 2000, Reynolds, though in federal custody, was formally discharged from his state sentence. Thus, the amount of time Reynolds was in state custody on [his conviction for Criminal Possession of a Weapon in the Third Degree in violation of N.Y. Penal L. § 265.02 ] (to which he merits credit) was as follows: April 7, 1995 to February 1996: 7 months[,] March 17, 1996 to August 7, 1997: 15 months[,] December 1997 to January 4, 1999: 3 months (only three months were credited to the underlying state charge)[,] June 1, 1999 to June 10, 1999: 10 days[,] June 10, 1999 to February 11, 2000: 8 months (Federal custody while serving state sentence (concurrent time))[.] The total amount of Credit Time (under § 5G1.3) thus comes to 33 months.")

[4]("It is the position of the Petitioner that his entitlement to credit on the state charge includes the time spent in the halfway houses.")

[5]("It is the Petitioner's position, herein, that the sentencing Court should have granted him a credit as against his federal sentence of the time that he was in custody (as that term is defined by the courts) under the State conviction in April 1995. According to the Petitioner's calculation, he is merited a credit of 33 months on his time held by the federal Bureau of Prisons.")

[6]("It is undisputed that Reynolds merits credit for the time he was still under state custody and turned over to the federal authorities on the habeas corpus ad prosequendum. . . . This is the period from June 10, 1999 until his formal discharge of sentence on February 11, 2000 — a period of eight months.")

6

does not bar Reynolds from filing a Section 2255 motion in the sentencing court.

## V.  CONCLUSION

For the reasons discussed above, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dancks' recommendation in the Report-Recommendation, Dkt No. 41, for the reasons stated in her report.  Therefore, it is hereby

**ORDERED** that Reynolds' amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. No. 16, is **DENIED** and **DISMISSED** in its entirety, and it is further,

**ORDERED** that no certificate of appealability ("COA") shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right").

**IT IS SO ORDERED.**

Dated:  February 26, 2020

Thomas J. McAvoy
Senior, U.S. District Judge